UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-705-RJC
(3:07-cr-97-RJC-1)

| | |
|---|---|
| **THOMAS DONNELL SIFFORD,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

**I. BACKGROUND**

On April 25, 2007, Petitioner Thomas Donnell Sifford was indicted by the grand jury for the Western District of North Carolina and charged with possession with intent to distribute crack and powder cocaine, in violation of 21 U.S.C. § 841; and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Criminal Case No. 3:07-cr-97-RJC-1, Doc. No. 1: Indictment). Shortly after the indictment was returned, the Government filed a notice under 21 U.S.C. § 851, noticing Petitioner's prior drug-trafficking convictions for possession with intent to sell/deliver cocaine and marijuana. (Id., Doc. No. 12: Information). Several months later, Petitioner entered a straight-up plea of guilty to both counts of the indictment. See (Id., Doc. No. 25: Minute Entry).

Before Petitioner's sentencing hearing, the probation office prepared a Presentence Report ("PSR"), in which the probation officer calculated a base offense level of 28 based on

1

Petitioner's responsibility for 422.98 kilograms of marijuana. (Id., PSR at ¶¶ 9; 16). The probation officer also calculated that Petitioner had amassed 11 criminal-history points, falling within criminal-history category V, resulting in an advisory Sentencing Guidelines range of between 120 and 150 months in prison. (Id. at ¶¶ 112; 113). The probation officer also noted that Petitioner faced a statutory mandatory-minimum term of 120 months in prison because of his prior convictions for felony drug offenses and the § 851 notice filed by the Government. (Id.). This Court ultimately sentenced Petitioner to 132 months in prison on the drug-trafficking offense and a concurrent 120-month term on the firearm offense, to be followed by eight years of supervised release. Petitioner appealed, and the Fourth Circuit affirmed this Court's judgment, entering its mandate on June 8, 2009. See United States v. Sifford, 330 F. App'x 46 (4th Cir. 2009).

Petitioner filed an initial motion to vacate under 28 U.S.C. § 2255 on November 18, 2010, challenging the denial of his request for substitute counsel and the sentence imposed for the § 922(g) conviction, but this Court dismissed the motion as untimely. (Civil Case No. 3:10cv596, Doc. Nos. 1; 4 (W.D.N.C.)). Petitioner filed a second § 2255 motion to vacate on January 11, 2012, seeking relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), but the Court denied the motion as an unauthorized successive petition on May 17, 2013. (Civil No. 3:12cv19, Doc. Nos. 1; 3 (W.D.N.C.)).

On September 26, 2013, Petitioner filed a habeas petition under 28 U.S.C. § 2241, seeking relief from his § 922(g) conviction and his sentence on the drug-trafficking offense, arguing that his sentence was improperly enhanced based on a prior convictions that did not constitute felony drug offenses under Simmons. (Civil No. 3:13cv541, Doc. No. 1 (W.D.N.C.)). On December 16, 2013, this Court granted Petitioner's § 2241 motion, in part, vacating his § 922(g) conviction,

but denying sentencing relief. (Id., Doc. No. 7). On December 31, 2013, Petitioner filed a third § 2255 motion to vacate, which this Court dismissed as successive on April 18, 2014. (Civil No. 3:14cv001, Doc. Nos. 1; 3 (W.D.N.C.)). On December 18, 2014, the Court reduced Petitioner's sentence to 120 months on the drug-trafficking conviction under the crack cocaine amendments to the sentencing guidelines. (Criminal Case No. 3:07-cr-97-RJC-1, Doc. No. 67: Order).

On December 19, 2014, Petitioner filed the pending § 2255 motion to vacate. Petitioner argues that this Court's vacatur of his § 922(g) conviction alters his total offense level and entitles him to a further reduction in his sentence.[1] Petitioner was released from prison on January 23, 2015, and his supervised release commenced thereafter.

**II. STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

[1] Petitioner contends that the petition is not successive, pursuant to the Fourth Circuit's recent decision in United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014), in which the Fourth Circuit held that "a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where . . . the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." 754 F.3d at 262. He also contends that the petition is timely, again citing Hairston, and presumably contending the petition is timely because it was filed within one year of this Court's judgment vacating his Section 922(g) conviction. The Court will assume for purposes of this order that the petition is not successive after Hairston.

## III. DISCUSSION

In his motion to vacate, Petitioner argues that he was sentenced based on an improperly calculated guideline range because his felon-in-possession conviction has now been vacated and his offense level was increased by one level as a result of that conviction. See (Criminal Case No. 3:07-cr-97-RJC-1, PSR at ¶¶ 28-32). In United States v. Foote, 784 F.3d 931, 932, 934 (4th Cir. 2015), the Fourth Circuit held that a petitioner's erroneous classification as a career offender, at least under the advisory Sentencing Guidelines, is not "a fundamental defect which inherently results in a complete miscarriage of justice," Davis v. United States, 417 U.S. 333, 346 (1974), and is not, therefore, a sentencing error that can be corrected on collateral review. Foote precludes Petitioner's claim because Petitioner challenges only the calculation of his advisory Guidelines range and Foote establishes that the improper calculation of advisory guidelines is not an error that is cognizable under § 2255.

Even if Foote did not preclude Petitioner's claim, his motion to vacate is nevertheless subject to dismissal because Petitioner challenges only his custodial sentence in his most recent motion to vacate and he has now been released from custody. Petitioner does not allege in his motion that the vacatur of his § 922(g) conviction affects his supervised-release term, nor could he, as that sentence was determined by his drug-trafficking conviction. See (Criminal Case No. 3:07-cr-97-RJC-1, PSR at ¶ 115). Thus, in addition to being non-cognizable under Foote, Petitioner's claim for relief is moot.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2255 petition is denied and dismissed.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's § 2255 motion, (Doc. No. 1), is denied and dismissed with prejudice.

4

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Robert J. Conrad, Jr.
United States District Judge